IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-70,766-01 & -02






EX PARTE KENNETH JOHN COBURN, Applicant








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS


CAUSE NOS. 05-11-7340-A & 05-11-7326-A IN THE


24TH DISTRICT COURT FROM JACKSON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated assault and sentenced to twelve years' imprisonment. The Thirteenth Court of Appeals
dismissed his appeals. Coburn v. State, Nos. 13-07-754-CR & 13-07-755-CR (Tex. App. - Corpus
Christi, delivered March 20, 2008, no pet.).

 Applicant contends that his guilty pleas were involuntarily entered, he was incompetent to
stand trial and his trial counsel rendered ineffective assistance. Applicant has alleged facts that, if
true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13
S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for making findings of fact. The trial court shall provide Applicant's trial counsel
with the opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
court shall include within those findings a summary of what evidence the State would have presented
if Applicant had not pled guilty, what evidence Applicant might have presented to establish that he
did not have the culpable mental state to commit these offenses, whether Applicant suffered any head
injury which either rendered him incompetent to stand trial or affected his ability to enter knowing
and voluntary pleas in these causes, and why counsel did not litigate any of these issues. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.




Filed: October 29, 2008

Do not publish